UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY BENNETT,<br>    Plaintiff,<br>v.<br>TONY MAYS, ET AL.,<br>    Defendants. | Case No. 3:19-cv-00406<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY BENNETT,<br>    Plaintiff,<br>v.<br>KELLY HUNT, ET AL.,<br>    Defendants. | Case No. 3:19-cv-00424<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY BENNETT,<br>    Plaintiff,<br>v.<br>TONY PARKER,<br>    Defendant. | Case No. 3:19-cv-00455<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY BENNETT,<br>    Plaintiff,<br>v.<br>TONY PARKER, ET AL.,<br>    Defendants. | Case No. ==3:19-cv-00456==<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY BENNETT,<br>    Plaintiff,<br>v.<br>TONY PARKER, ET AL.,<br>    Defendants. | Case No. 3:19-cv-00457<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY BENNETT,<br>    Plaintiff,<br>v.<br>TONY MAYS, ET AL.,<br>    Defendants. | Case No. 3:19-cv-00470<br><br>Judge Trauger<br>Magistrate Judge Newbern |

| | |
|---|---|
| COREY BENNETT,<br>    Plaintiff,<br>v.<br>TONY MAYS, ET AL.,<br>    Defendants. | Case No. 3:19-cv-00471<br><br>Judge Trauger<br>Magistrate Judge Newbern |
| COREY BENNETT,<br>    Plaintiff,<br>v.<br>TONY MAYS, ET AL.,<br>    Defendants. | Case No. 3:19-cv-00473<br><br>Judge Trauger<br>Magistrate Judge Newbern |

# ORDER

Plaintiff Corey Bennett, an inmate at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, has eight *pro se* civil rights actions brought under 42 U.S.C. § 1983 currently pending before the Court. Bennett is well known to this Court and has long been subject to the "three-strikes" provision of 28 U.S.C. § 1915(g) because he has filed many more than three federal cases that were dismissed as frivolous, malicious, or for failure to state a claim. In a hearing held in 2015, Bennett admitted to the Court that he files these actions based on false allegations when he becomes frustrated with the fact of his incarceration. Bennett made the same admission regarding a number of cases filed in 2018. In 2015 and again in 2018, the Court warned Bennett that continuing to make such false statements could result in sanctions or criminal prosecution and dismissed the actions.

Bennett did not stop filing lawsuits, however, and his conduct has become increasingly vexatious. In March 2018, Bennett began a practice of falsely listing other inmates as co-plaintiffs in his cases, as he has done in seven of the eight pending actions. This is an abuse of the federal courts and places significant burdens on the inmates on whose behalf Bennett fraudulently claims to be acting. Because Bennett has not stopped his behavior in the face of the Court's prior orders,

2

a more severe sanction is warranted. The Court will therefore not consider any individual other than Bennett to be a plaintiff in any of Bennett's pending cases and Bennett will be barred from filing any future civil complaint in this Court listing anyone other than himself as a plaintiff. If Bennett violates this sanction by continuing to name other individuals as co-plaintiffs, the Court will impose increasingly severe sanctions against him in the form of monetary penalties, additional filing restrictions, or both.

## I. Background

### A. Frivolous Litigation

By the time Bennett filed his first case in the Middle District of Tennessee in August 2014, he was already a "three-striker" under the Prison Litigation Reform Act ("PLRA"), having had more than three cases dismissed as frivolous, malicious, or for failure to state a claim. (Case No. 3:14-cv-01691, Doc. No. 3 at 2.)[1] Since then, all told, Bennett has filed forty-seven cases in this district regarding his conditions of confinement, all of which have been dismissed. These dismissals fall roughly into three categories: (1) cases dismissed for failure to prosecute or to pay the filing fee after a determination that Bennett did not qualify for the "imminent-danger exception" to the three-strikes provision;[2] (2) cases that Bennett moved to voluntarily dismiss after

---

[1] For ease of reference, the Court will omit party names when citing to Bennett's cases in this Order.

[2] Case No. 3:14-cv-01691, Doc. No. 6; Case No. 3:14-cv-01692, Doc. No. 7; Case No. 3:14-cv-01829, Doc. No. 7; Case No. 3:14-cv-01878, Doc. No. 6; Case No. 3:14-cv-01956, Doc. No. 2; Case No. 3:14-cv-02013, Doc. No. 10; Case No. 3:14-cv-02024, Doc. No. 22; Case No. 3:14-cv-02191, Doc. No. 4; Case No. 3:14-cv-02337, Doc. No. 5; Case No. 3:14-cv-02350, Doc. No. 3; Case No. 3:14-cv-02379, Doc. No. 4; Case No. 3:14-cv-02380, Doc. No. 11; Case No. 3:15-cv-00135, Doc. No. 2; Case No. 3:15-cv-00482, Doc. No. 4; Case No. 3:15-cv-00729, Doc. No. 4; Case No. 3:15-cv-00834, Doc. No. 6; Case No. 3:15-cv-00854, Doc. No. 7; Case No. 3:16-cv-01026, Doc. No. 2; Case No. 3:16-cv-01314, Doc. No. 5; Case No. 3:18-cv-00273, Doc. No. 16; Case No. 3:18-cv-00349, Doc. No. 8; Case No. 3:18-cv-00350, Doc. No. 5; Case No. 3:18-cv-

3

a defendant filed an answer or motion to dismiss;[3] and (3) cases dismissed as a direct result of Bennett's representations at a Court hearing.[4]

In a few of these cases, Bennett did not allege that he was in imminent danger of serious physical injury.[5] More frequently, however, Bennett explicitly acknowledged the imminent-danger exception and presented allegations specifically crafted to overcome the three-strikes barrier. These allegations of imminent danger are extremely serious and often graphically detailed. Their general theme is that Bennett has been subjected to repeated physical and sexual assault by authority figures and other inmates and that various officials have refused to investigate these incidents.[6] Bennett has also alleged that prison personnel put his life in danger by spreading

---

00398, Doc. No. 4; Case No. 3:18-cv-00399, Doc. No. 8; Case No. 3:18-cv-00603, Doc. No. 5; Case No. 3:18-cv-00619, Doc. No. 7; Case No. 3:19-cv-00320, Doc. No. 3.

[3] Case No. 3:14-cv-01958, Doc. No. 76; Case No. 3:14-cv-02338, Doc. No. 56; Case No. 3:15-cv-00190, Doc. No. 22; Case No. 3:15-cv-00198, Doc. No. 38; Case No. 3:15-cv-00206, Doc. No. 40; Case No. 3:15-cv-00240, Doc. No. 61; Case No. 3:15-cv-00266, Doc. No. 84; Case No. 3:15-cv-00354, Doc. No. 35; Case No. 3:15-cv-00493, Doc. No. 28 (denying Bennett's motion to voluntarily dismiss filed after the Magistrate Judge recommended that the defendants' motion to dismiss be granted, and granting defendants' motion); Case No. 3:15-cv-00505, Doc. No. 99.

[4] Case No. 3:15-cv-00401, Doc. No. 63; Case No. 3:15-cv-00617, Doc. No. 86; Case No. 3:15-cv-00937, Doc. No. 59; Case No. 3:17-cv-00992, Doc. No. 82; Case No. 3:17-cv-01058, Doc. No. 108; Case No. 3:17-cv-01061, Doc. No. 75; Case No. 3:17-cv-01174, Doc. No. 92; Case No. 3:17-cv-01176, Doc. No. 92; Case No. 3:17-cv-01416, Doc. No. 50; Case No. 3:17-cv-01467, Doc. No. 39.

[5] Case Nos. 3:14-cv-01691, 3:14-cv-01878, 3:14-cv-01956, 3:14-cv-02013, 3:14-cv-02350, 3:15-cv-00135, 3:16-cv-01026, 3:16-cv-01314, 3:18-cv-00349.

[6] Case Nos. 3:14-cv-01692, 3:14-cv-01958, 3:14-cv-02191, 3:14-cv-02379, 3:14-cv-02380, 3:15-cv-00190, 3:15-cv-00198, 3:15-cv-00206, 3:15-cv-00240, 3:15-cv-00266, 3:15-cv-00354, 3:15-cv-00401, 3:15-cv-00482, 3:15-cv-00493, 3:15-cv-00505, 3:15-cv-00617, 3:15-cv-00729, 3:15-cv-00834, 3:15-cv-00854, 3:15-cv-00937, 3:17-cv-00992, 3:17-cv-01058, 3:17-cv-01061, 3:17-cv-01174, 3:17-cv-01176, 3:17-cv-01416, 3:17-cv-01467, 3:18-cv-00273, 3:18-cv-00398, 3:18-cv-00399.

harmful information about him to other inmates,[7] arranging for inmates who want to kill him to be near him,[8] and refusing to investigate an inmate's harassment of his family members.[9]

In two hearings in this Court, however, Bennett admitted that his extraordinarily troubling allegations of imminent danger were fabricated. First, in a December 2015 hearing before Magistrate Judge Brown, Bennett readily conceded that he has "mental health problems," and "when [he] get[s] frustrated, . . . the only way to cope . . . with [his] frustration . . . is [to] file . . . frivolous lawsuits[.]" (Case No. 3:15-cv-00937, Doc. No. 50 at 13.) Magistrate Judge Brown asked Bennett, "you keep alleging this imminent harm. And so you're admitting that all of this stuff that you've filed . . . is just frivolous[?]" (*Id.* at 14.) "Yes, sir," Bennett responded, "and it's not going to happen no more. . . . I'm trying to do better, but I do got mental health and behavior problems." (*Id.*) Bennett further explained his behavior by stating that he had "a lot of traumatizing things happen in [his] past in [his] childhood," and that he has "flashbacks and [goes] though a lot of stuff" when he is placed in a "maximum security cell" or a "lockdown unit." (*Id.* at 30–31.) The Court dismissed Bennett's action with prejudice on the basis that his claims were frivolous and recommended that Bennett receive a mental health evaluation. (*Id.*, Doc. No. 59.)

Second, on February 26, 2018, this Magistrate Judge held a consolidated hearing in seven cases in which Bennett again alleged that he had suffered physical and sexual assaults by prison staff.[10] The Court appointed counsel for Bennett and, at the beginning of the hearing, Bennett's

---

[7]   Case Nos. 3:14-cv-01829, 3:14-cv-02024, 3:14-cv-02338, 3:19-cv-00320.

[8]   Case No. 3:18-cv-00350.

[9]   Case Nos. 3:18-cv-00603, 3:18-cv-00619.

[10]  Case Nos. 3:17-cv-00992, 3:17-cv-01058, 3:17-cv-01061, 3:17-cv-01174, 3:17-cv-01176, 3:17-cv-01416, 3:17-cv-01467.

5

counsel moved to voluntarily dismiss all seven actions with prejudice. (*See, e.g.,* Case No. 3:17-cv-01467, Doc. No. 38 at 2.) The defendants did not oppose voluntary dismissal but sought the imposition of a pre-filing protocol to discourage Bennett from filing meritless actions in the future. (*See, e.g., id.*) The Magistrate Judge entered a Report and Recommendation recommending that Bennett's cases be voluntarily dismissed with prejudice and that the Court decline to impose pre-filing restrictions because they were not necessary in light of the filing requirements imposed on all prisoners by the PLRA. (*See, e.g., id.* at 2, 6.) The Magistrate Judge also found, however, that Bennett "ha[d] admitted in various ways that [the allegations in his seven pending actions] were without merit, and the Court will consider that history in its evaluation of any future actions [Bennett] might file." (*See, e.g., id.* at 6.) Bennett did not file objections to the Report and Recommendation, and the Court adopted it. (*See, e.g., id.*, Doc. No. 39.)

### B. Misrepresentations Regarding Other Inmates as Co-Plaintiffs

Within two weeks of the February 2018 hearing, Bennett made his first attempt to include other inmates as co-plaintiffs without their authorization.[11] (Case No. 3:18-cv-00273.) Over the next two months, he filed a total of five more complaints including multiple plaintiffs.[12] Some of the inmates named in these actions filed unprompted notices or motions stating that they had not

---

[11] The complaint in this case was dated February 23, 2018—three days before the hearing—and received by the Court on March 8, 2018—ten days after the hearing. (Case No. 3:18-cv-00273, Doc. No. 1 at 1, 19.)

[12] Case No. 3:18-cv-00273, Doc. No. 1 at 2 (listing three other inmates as plaintiffs); Case No. 3:18-cv-00349, Doc. No. 1 at 2–3 (listing ten other inmates as plaintiffs); Case No. 3:18-cv-00350, Doc. No. 1 at 1 (listing one other inmate as a plaintiff); Case No. 3:18-cv-00398, Doc. No. 1 at 1–2 (listing two other inmates as plaintiffs); Case No. 3:18-cv-00399, Doc. No. 1 at 2 (listing nine other inmates as plaintiffs).

6

agreed to be plaintiffs.[13] Because only Bennett had signed the complaints, the Court found him to be the sole plaintiff in these actions and dismissed the cases.[14]

Apparently in response, Bennett changed his strategy. In two actions filed in July 2018, Bennett listed fellow inmate Andrew Jones as a co-plaintiff and included what was purportedly Jones's signature on the complaints.[15] The Court expressed skepticism that Jones's signature was authentic for many reasons, including that Jones was also a defendant in one of the cases.[16] The Court asked Jones to state whether he had agreed to be a co-plaintiff.[17] Jones responded that he "unequivocally and vehemently denies" signing the complaints and pursuing any action with Bennett. (Case No. 3:18-cv-00619, Doc. No. 6 at 1.) The Court again found Bennett to be the only plaintiff and dismissed these two cases.[18]

Finally, in his most recently dismissed case, Bennett filed a complaint listing thirteen other inmates as co-plaintiffs. (Case No. 3:19-cv-00320, Doc. No. 1 at 3–4.) Bennett represented on the complaint form that there was an "attached sworn and notarized affidavit signed by all plaintiffs listed in this case," (*id.* at 14), but there was no such attachment included. The Court, therefore,

---

[13] Case No. 3:18-cv-00273, Doc. Nos. 3 and 15; Case No. 3:18-cv-00349, Doc. Nos. 3, 4, and 7; Case No. 3:18-cv-00398, Doc. No. 3; Case No. 3:18-cv-00399, Doc. Nos. 3, 4, 5, 6, and 7.

[14] Case No. 3:18-cv-00273, Doc. No. 16 at 1; Case No. 3:18-cv-00349, Doc. No. 8 at 1; Case No. 3:18-cv-00350, Doc. No. 5 at 1; Case No. 3:18-cv-00398, Doc. No. 4 at 1; Case No. 3:18-cv-00399, Doc. No. 8 at 1.

[15] Case No. 3:18-cv-00603, Doc. No. 1 at 1–2, 20; Case No. 3:18-cv-00619, Doc. No. 1 at 1–2, 11.

[16] Case No. 3:18-cv-00603, Doc. No. 3 at 2; Case No. 3:18-cv-00619, Doc. No. 4 at 2.

[17] *Id.*

[18] Case No. 3:18-cv-00603, Doc. No. 3 at 2; Case No. 3:18-cv-00619, Doc. No. 4 at 2.

found Bennett to be the only plaintiff and dismissed the case. (*Id.*, Doc. No. 3.) Bennett appealed, and the Court denied him permission to proceed as a pauper on appeal. (*Id.*, Doc. Nos. 7 and 9.) The appeal is pending before the Sixth Circuit.

## II. Bennett's Pending Cases

Bennett includes other inmates as co-plaintiffs in seven of his eight pending actions.[19] All seven complaints bear signatures represented to be those of the other named inmates.[20] Four cases include documents manipulated to show that these individuals agreed to be co-plaintiffs.[21] The remaining three involve larger numbers of additional plaintiffs and do not include any documentation of their intent to join the litigation.[22]

### A. Four Cases Involving Manipulated Documents

Case No. 3:19-cv-00406 ("Case 406"), Case No. 3:19-cv-00457 ("Case 457"), Case No. 3:19-cv-00470 ("Case 470"), and Case No. 3:19-cv-00471 ("Case 471") include apparently manipulated documents—affidavits and in forma pauperis applications—intended by Bennett to show the other inmates' voluntary participation in the lawsuits.

---

[19] Case No. 3:19-cv-00406, Doc. No. 1 at 2 (listing one other inmate as a plaintiff); Case No. 3:19-cv-00455, Doc. No. 1 at 3–8 (listing thirty-seven other inmates as plaintiffs); Case No. 3:19-cv-00456, Doc. No. 1 at 4–18 (listing eighty other inmates as plaintiffs); Case No. 3:19-cv-00457, Doc. No. 1 at 4 (listing three other inmates as plaintiffs); Case No. 3:19-cv-00470, Doc. No. 1 at 3 (listing three other inmates as plaintiffs); Case No. 3:19-cv-00471, Doc. No. 1 at 3 (listing one other inmate as a plaintiff); Case No. 3:19-cv-00473, Doc. No. 1 at 3–5 (listing sixteen other inmates as plaintiffs).

[20] Case No. 3:19-cv-00406, Doc. No. 1 at 11; Case No. 3:19-cv-00455, Doc. No. 1 at 11–12; Case No. 3:19-cv-00456, Doc. No. 1 at 21–22; Case No. 3:19-cv-00457, Doc. No. 1 at 6; Case No. 3:19-cv-00470, Doc. No. 1 at 6; Case No. 3:19-cv-00471, Doc. No. 1 at 6; Case No. 3:19-cv-00473, Doc. No. 1 at 7.

[21] Case Nos. 3:19-cv-00406, 3:19-cv-00457, 3:19-cv-00470, 3:19-cv-00471.

[22] Case Nos. 3:19-cv-00455, 3:19-cv-00456, 3:19-cv-00473.

In Case 406, Bennett filed an in forma pauperis application and two affidavits purportedly from co-plaintiff David McDonald. The documents submitted under McDonald's name appear to be sworn and notarized and state that McDonald wants to be a party to the lawsuit and ask the Court to allow the affidavit to serve as his permission to be named. (Case 406, Doc. No. 2 at 3, 5, 7.) But on the notarized page of these documents, the "David McDonald" signature is directly next to a signature that has been thoroughly scribbled out with a pen. (*Id.*) Although it is impossible to make out every letter of the inked-out signature, its contours plausibly correspond to the name "Corey Bennett" or "Corey Alan Bennet." (*Id.* at 6.) Given Bennett's litigation history and the progression in his abusive litigation tactics, there is only one reasonable inference to draw: Bennett filled out paperwork under his own name; got it notarized; crossed out his name or signature; wrote in David McDonald's name; forged McDonald's signature; and submitted these fraudulent documents to the Court.

Bennett uses this same approach with documents in Case 457, (Case No. 457, Doc. No. 1 at 7; Doc. No. 2 at 5–6; Doc. No. 3 at 3, 6), Case 470, (Case 470, Doc. No. 2 at 3), and Case 471, (Case 471, Doc. No. 3 at 1). For example, in Case 470, a scribbled-out signature corresponding to the name Corey Bennett appears on the first page of the trust fund affidavit submitted under Keeuntaye Jackson's name. (Case 470, Doc. No. 2 at 3). Additionally, some documents in these cases show two overlapping signatures.[23] The Court therefore draws the same inference: Bennett filled out paperwork in his name, got it notarized, then tampered with the documents to make it appear as though they were completed by fellow inmates Deangelo Taylor, Zebulon Byrd, Keeuntaye Jackson, and Antwain Monfort.

---

[23] Case No. 3:19-cv-00457, Doc. No. 1 at 8 and Doc. No. 2 at 4; Case. No. 3:19-cv-00471, Doc. No. 3 at 2–3.

### B. Three Cases Involving Large Numbers of Alleged Co-Plaintiffs

The remaining three cases include large numbers of inmates as purported co-plaintiffs. There are thirty-seven other inmates listed as co-plaintiffs in Case No. 3:19-cv-00455 ("Case 455"), (Case 455, Doc. No. 1 at 3–8), eighty listed in Case No. 3:19-cv-00456 ("Case 456"), (Case 456, Doc. No. 1 at 4–12, 14, 16, 18), and sixteen listed in Case No. 3:19-cv-00473 ("Case 473"), (Case 473, Doc. No. 1 at 3–5). These complaints appear to include signatures corresponding to each co-plaintiff's name, but no additional documentation demonstrating that these individuals agreed to be co-plaintiffs.

The thirty-seven signatures of the supposed co-plaintiffs in Case 455 are filed on two pages, and Bennett states that these signatures were "received and submitted" on the same day. (Case 455, Doc. No. 1 at 11–12.) Bennett also states that the co-plaintiffs "signed this complaint by mail and have agreed to participate in this lawsuit." (*Id.* at 12.) But these individuals are housed in ten different facilities in nine different Tennessee cities: RMSI in Nashville (*id.* at 6, 8); Hardeman County Correctional Facility ("HCCF") and Whiteville Correctional Facility ("WCFA") in Whiteville (*id.* at 3–7); Turney Center Industrial Complex ("TCIX") in Only (*id.* at 3, 7–8); Morgan County Correctional Complex ("MCCX") in Wartburg (*id.* at 3–5, 7–8); South Central Correctional Facility ("SCCF") in Clifton (*id.* at 3); Northeast Correctional Complex ("NECX") in Mountain City (*id.* at 3–6); Trousdale Turner Correctional Center ("TTCC") in Hartsville (*id.* at 4–5, 7); Northwest Correctional Complex ("NWCX") in Tiptonville (*id.* at 5, 8); and Bledsoe County Correctional Complex ("BCCX") in Pikeville (*id.* at 7). It would be impossible for Bennett to have received and submitted thirty-seven signatures from inmates in ten different facilities and nine different cities on two pieces of paper on the same day, as he claims.

Likewise, in Case 456, the purported signatures of eighty supposed co-plaintiffs appear on two pages. (Case 456, Doc. No. 1 at 21–22.) But these individuals are housed at all of the ten facilities listed above—SCCF, WCFA, MCCX, NECX, HCCF, TCIX, RMSI, TTCC, NWCX, and BCCX (*id.* at 4–12, 14, 16, 18)—and the Lois M. DeBerry Special Needs Facility in Nashville (*id.* at 5, 11). Again, it would be logistically impossible for these eighty signatures to be authentic. And, in this case, the Court has already received a letter confirming that Bennett forged one of these signatures. Demario Driver, an inmate at MCCX, states that he did not give Bennett permission to include him as a plaintiff and that he does not have anything to do with this case. (*Id.*, Doc. No. 4.)

One more reason for disbelief merits mention—all five of the individuals who previously filed notices or motions to remove themselves as parties in Bennett's earlier cases are listed as co-plaintiffs in Case 455 or Case 456. In Case 455, Anthony Woods and Andrew Jones are included as co-plaintiffs. (Case 455, Doc. No. 1 at 3–4.) But in two previous cases, Woods clearly stated that he did not sign Bennett's complaints or give Bennett permission to file a civil suit on his behalf.[24] Jones expressed the same, stating that he did not "have any intention of bring forth any type of [a]ction with" Bennett. (Case No. 3:18-cv-00619, Doc. No. 6.)

Woods and Jones are also among co-plaintiffs listed in Case 456, along with Deangelo Moody, Tyler Raybon-Tate, and Ezra Shelton. (Case 456, Doc. No. 1 at 9–10, 12, 14, 16.) But Moody previously stated that Bennett forged his signature and was harassing him by putting his name on all of Bennett's lawsuits.[25] Raybon-Tate stated that Bennett included him as a plaintiff

---

[24] Case No. 3:18-cv-00349, Doc. No. 3; Case No. 3:18-cv-00399, Doc. No. 7.

[25] Case No. 3:18-cv-00273, Doc. Nos. 3 and 15; Case No. 3:18-cv-00349, Doc. No. 7.

without his knowledge or consent.[26] And Shelton, in addition to expressing that the substance of Bennett's allegations regarding him were false, stated that he did not authorize Bennett to include him as a plaintiff.[27]

Based on Bennett's entire litigation history, an objective assessment of Bennett's pending filings, and Driver's letter to the Court in Case 456, the Court can draw only one reasonable conclusion: Bennett forged the signatures of all 133 supposed co-plaintiffs in Cases 455, 456, and 473. The Court will sanction Bennett for this egregious conduct.

### III. Sanction on Bennett and Instructions to the Clerk of Court

"A district court has the authority to issue pre-filing restrictions to prevent prolific litigants from filing harassing and vexatious pleadings." *Clapper v. Clark Dev.*, Nos. 14-3500/3770, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) and *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000)). This authority applies to both prisoner and non-prisoner litigants. *See Hyland v. Stevens*, 37 F. App'x 770, 771–72 (6th Cir. 2002) (imposing filing sanction against state prisoner); *United States v. Stiger*, 42 F. App'x 774, 775 (6th Cir. 2002) (upholding filing restriction against federal prisoner). The Court, however, may not "absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court," *Callihan v. Kentucky*, 36 F. App'x 551, 553 (6th Cir. 2002) (citing *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996)), and must take care to "use the least restrictive sanction necessary to deter the inappropriate behavior," *Hyland*, 37 F. App'x at 771.

---

[26] Case No. 3:18-cv-00349, Doc. No. 4; Case No. 3:18-cv-00399, Doc. No. 6.

[27] Case No. 3:18-cv-00398, Doc. Nos. 3 and 4; Case No. 3:18-cv-00399, Doc. Nos. 3, 4, and 5.

Here, Bennett has filed nearly fifty now-dismissed cases concerning his conditions of confinement. In many of those cases, Bennett made extremely serious allegations of sexual and physical assault. Bennett has twice admitted that those allegations were either fabricated or without merit. The Magistrate Judge previously declined to recommend the imposition of pre-filing restrictions against Bennett because the PLRA's screening requirements gave the Court all the tools necessary to address the issues presented by this fairly predictable pattern. Since Bennett has begun falsely including other inmates as co-plaintiffs in his cases, however, those tools no longer suffice.

Bennett has filed doctored affidavits and financial documentation and complaints with the apparently forged signatures of more than one-hundred inmates from eleven different facilities. The PLRA's screening mechanisms do not account for such brazen disregard for the integrity of the federal court system. Accordingly, the Magistrate Judge finds that a more stringent sanction is required to address Bennett's more abusive litigation tactics.

Corey Bennett is therefore **BARRED** from filing any civil case in this Court including any person other than himself as a plaintiff. If Bennett does not comply with this sanction, the Court will impose monetary penalties, additional filing restrictions, or both.

In accordance with this sanction, the Clerk of Court is **DIRECTED** to terminate all individuals other than Corey Bennett as plaintiffs in Bennett's pending cases. The Clerk of Court is also **DIRECTED** not to record any individual as a plaintiff in any case Bennett may file in the future other than Bennett himself.

It is so **ORDERED**.

ALISTAIR E. NEWBERN
United States Magistrate Judge